**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0553-20

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

RAHEEM MCCOY, a/k/a
RAHEEM T. MCCOY, and
RAHEEM T. MCCROY,

     Defendant-Appellant.

_____

        Submitted February 23, 2021 – Decided March 16, 2021

        Before Judges Yannotti and Natali.

        On appeal from the Superior Court of New Jersey, Law Division, Passaic County, Indictment Nos. 17-07-0730 and 18-11-0909.

        Joseph E. Krakora, Public Defender, attorney for appellant (John P. Flynn, Assistant Deputy Public Defender, of counsel and on the brief).

        Camelia M. Valdes, Passaic County Prosecutor, attorney for respondent (Mark Niedziela, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant appeals from an order entered by the Law Division on July 28, 2020, which denied his motion to amend his sentence pursuant to Rule 3:21-10(b)(2). We affirm.

I.

In Passaic County Indictment No. 17-07-0730, defendant was charged with second-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(a)(1) (count one); second-degree unlawful possession of a weapon (handgun) without a permit, N.J.S.A. 2C:39-5(b)(1) (count two); fourth-degree aggravated assault on a law enforcement officer, N.J.S.A. 2C:12-1(b)(5)(A) (count three); third-degree aggravated assault on a law enforcement officer causing bodily injury, N.J.S.A. 2C:12-1(b)(5)(A) (count four); fourth-degree aggravated assault on a law enforcement officer, N.J.S.A. 2C:12-1(b)(5)(A) (count five); and third-degree resisting or eluding arrest, N.J.S.A. 2C:29-2(a)(3)(A) (count six).

Defendant also was charged in Passaic County Indictment No. 18-11-0909 with third-degree possession of a controlled dangerous substance (CDS), N.J.S.A. 2C:35-10(a)(1) (count one); second-degree manufacture or distribution of a CDS, N.J.S.A. 2C:35-5(a)(1) (count two); third-degree manufacture or

distribution of a CDS on or near school property or a school bus, N.J.S.A. 2C:35-7(a) (count three); second-degree unlawful possession of a weapon (handgun) without a permit, N.J.S.A. 2C:39-5(b)(1) (count four); and second-degree possession of a firearm while committing a CDS crime, N.J.S.A. 2C:39-4.1(a) (count five). Defendant also was charged with the disorderly persons offense of use and possession with intent to use drug paraphernalia, N.J.S.A. 2C:36-2.

On July 10, 2019, defendant pled guilty to counts three and four of Indictment No. 18-11-0909 and counts two and four of Indictment No. 17-07-0730. The State agreed to dismiss the remaining charges under each indictment.

On August 16, 2019, defendant was sentenced under Indictment No. 18-11-0909 to a five-year term of incarceration with three years of parole ineligibility on count three, and a concurrent term of five years with forty-two months of parole ineligibility on count four.

Defendant also was sentenced under Indictment No. 17-07-0730 to five years of incarceration with forty-two months of parole ineligibility on count two, and a concurrent term of four years on count four. The trial court ordered that the sentences under Indictment No. 18-11-0909 shall be served concurrent with the sentences imposed under Indictment No. 17-07-0730.

3

The trial court entered judgments of conviction for each indictment, dated August 16, 2019 and October 22, 2019.  According to defendant's attorney, defendant's maximum release date is June 19, 2021.

II.

On June 23, 2020, defendant filed a motion in the trial court to change his custodial sentence pursuant to Rule 3:21-10(b)(2) due to an illness or infirmity. At that time, defendant was incarcerated at South Woods State Prison (SWSP). In support of his motion, defendant submitted confidential medical records from the Passaic County Correctional Facility and the New Jersey Department of Corrections; a certification of Adrianne Fields, attorney with the Office of the Public Defender, dated June 23, 2020; and letters from defendant's grandmother, son, and others.

In her certification, Ms. Fields stated that defendant is a forty-three-year old African-American male who suffers from hypertension and asthma.  She stated that defendant's then "current" parole eligibility date was January 19, 2022, and his then "current" maximum release date was April 14, 2022.

Ms. Fields asserted that the United States Centers for Disease Control (CDC) has "indicated" that persons with heart conditions like pulmonary hypertension and asthma may be at a higher risk for serious illness from COVID-

4

19.  Citing a publication entitled "Coronavirus (Covid 19): What People With Asthma Need to Know," Ms. Fields asserted that COVID-19 presents an "enhanced risk" even to persons with chronic conditions like hypertension and asthma that are controlled by medication.  She also cited a publication by Johns Hopkins Medical Center as support for her assertion that African-Americans are at a heightened risk of "severe reactions" to COVID-19.

Ms. Fields further commented that there was, at the time, no "specific treatment for or vaccine" for COVID-19.  She asserted that defendant's continued incarceration "presents a real and continuing life-threatening risk to his health and safety."  She stated that defendant's son was willing and able to accept defendant into his home.

The State opposed the motion.  The State argued that Rule 3:21-10(b)(2) does not permit the court to change a custodial sentence and release a defendant who is required to serve a mandatory minimum sentence.  The State further argued that the application was governed by the standards established in State v. Priester, 99 N.J. 123 (1985), and defendant did not meet the criteria for a change of his sentence on medical grounds.

On July 28, 2020, Judge Adam Jacobs heard oral argument on defendant's motion and placed his decision on the record.  Judge Jacobs did not address the

A-0553-20

State's argument that defendant could not seek relief under Rule 3:21-10(b)(2) until he completed his mandatory minimum sentence. The judge instead addressed the merits of defendant's motion.

The judge stated that Priester controls the decision on defendant's application. The judge then considered the relevant factors under Priester. The judge noted that defendant had shown a change of circumstances affecting his health, specifically the COVID-19 pandemic.

The judge stated that defendant suffers from hypertension and asthma, but he failed to show that medical services were not available in prison that are essential to prevent deterioration of his conditions. The judge noted that defendant's medical records appear to indicate that his "conditions are under control." The judge stated that defendant is receiving treatment and medication at SWSP and his conditions are "stable."

The judge also stated that defendant had pled guilty to crimes that were of a "very serious nature," noting that the charges involved possession of a firearm and assault on a police officer. The judge observed that defendant had been sentenced to the minimum possible sentence. The judge concluded that he could not "in good conscience grant this application."

A-0553-20

The judge added that if defendant asked him in writing, he would send a letter to the Parole Board about his positive attributes and endorse his release to a halfway house or early release program. The judge stated that defendant had demonstrated he was ready to be reintegrated into society and, as the prosecutor had indicated, he "will once more become a contributing member [of] society."

The judge memorialized his decision in an order dated July 28, 2020. This appeal followed. On appeal, defendant argues:

> POINT I
> [DEFENDANT] WAS ENTITLED TO MEDICAL RELEASE BECAUSE HIS COMORBIDITIES EXACERBATE THE RISK OF DEATH OR SERIOUS ILLNESS FROM COVID-19.
>
> POINT II
> BECAUSE RULE 3:21-10(B)(2) PROVIDES FOR RELEASE WITHOUT CHANGING THE UNDERLYING SENTENCE, [DEFENDANT'S] MOTION WAS NOT PROCEDURALLY BARRED BY HIS MANDATORY PAROLE DISQUALIFIER.

III.

Defendant contends the motion judge misapplied his discretion by denying his motion for medical release under Rule 3:21-10(b)(2). He asserts that he established grounds for relief under the Rule.

Rule 3:21-10(b)(2) provides a mechanism for an inmate to seek release from incarceration due to an illness or infirmity. In re Request to Modify Prison

7

Sentences, Expedite Parole Hearings, and Identify Vulnerable Prisoners, 242 N.J. 357, 379 (2020). The Rule states that "[a] motion may be filed and an order may be entered at any time . . . amending a custodial sentence to permit the release of a defendant because of illness or infirmity of the defendant." Rule 3:21-10(b)(2).

A motion for relief under Rule 3:21-10(b)(2) "is committed to the sound discretion of the court." Priester, 99 N.J. at 135 (citing State v. Tumminello, 70 N.J. 187, 193 (1976)). Since Rule 3:21-10(b)(2) offers "extraordinary relief" to an inmate, "the Rule must be applied prudently, sparingly, and cautiously." Ibid. When considering the motion, the court must engage in the "delicate balancing of various factors." Ibid. "The predicate for relief under the Rule is proof of the serious nature of the defendant's illness and the deleterious effect of incarceration on the prisoner's health." Ibid.

To warrant relief under Rule 3:21-10(b)(2), the inmate must establish that the medical services that are "unavailable at the prison would be not only beneficial . . . but are essential to prevent further deterioration in [the defendant's] health." Id. at 135-36 (citing Tumminello, 70 N.J. at 193). The inmate also must show circumstances in his health have changed since the time of the original sentence. Id. at 136.

A-0553-20

The court also must consider the "nature and severity of the crime, the severity of the sentence, the criminal record of the defendant, the risk to the public if the defendant is released, and the defendant's role in bringing about his current state of health." Id. at 137. The trial court's decision on the motion should not be reversed on appeal unless the decision is shown to be a mistaken exercise of discretion. Ibid. (citing State v. Roth, 95 N.J. 334, 364 (1984)).

On appeal, defendant argues he established that his underlying comorbidities exacerbate the risk that he will suffer a serious illness from COVID-19 while incarcerated. We disagree.

Here, the judge correctly found that the COVID-19 pandemic constituted a "change in circumstances" affecting defendant's health. See Request to Modify Prison Sentences, 242 N.J. at 379 (holding that the impact of the COVID-19 pandemic upon New Jersey and its prison system constituted a "change in circumstances" under Rule 3:22-10(b)(2)).

The judge further found that defendant would not pose a risk to the public if he were to be released, noting that the prosecutor had agreed that defendant would become a contributing member to society upon his release. The judge considered defendant's criminal record and noted that defendant had one prior

indictable offense.  The judge also took note of the efforts toward rehabilitation that defendant has made during his incarceration.

The judge found, however, that several of the Priester factors weighed in favor of denying the relief sought.  The judge observed that defendant had been convicted and was incarcerated for serious offenses, which include the unlawful possession of a firearm and aggravated assault on a law enforcement officer.  The judge also pointed out that defendant had received the minimum possible sentence under the Graves Act for unlawful possession of a firearm in violation of N.J.S.A. 2C:39-5(b)(1), a charge that defendant pled guilty to under both indictments, specifically a mandatory minimum term of forty-two months.

In addition, the judge weighed the nature of defendant's illness, whether incarceration will have a "deleterious effect" on his health, and the availability of medical services in prison to address defendant's conditions.  The judge found that defendant failed to show that medical services were not available at SWSP to treat defendant's conditions and avoid "further deterioration" of his health.

The judge noted the medical records that defendant had provided to the court "appear . . . to indicate that [his] . . . conditions are under control."  The judge stated that defendant was being treated, he was receiving medication that

he needed, and his conditions are stable. There is sufficient credible evidence in the record to support those findings.

Defendant contends, however, that the judge erred by focusing on the fact that his conditions were under control. He contends the judge minimized the serious threat that COVID-19 poses to persons with his physical conditions in jail. Our Supreme Court has held that, in the context of the COVID-19 pandemic, "[a] generalized fear of contracting an illness is not enough" to warrant relief under Rule 3:21-10(b)(2). Request to Modify Prison Sentences, 242 N.J. at 379.

Here, the court did not place undue emphasis on the fact that defendant's medical conditions are being treated and his conditions are stable. Defendant has not shown that the State's correctional officials are not taking reasonable steps to protect defendant from a deterioration of his health. Defendant's fear that he may contract COVID-19 is not a sufficient basis for relief under Rule 3:21-10(b)(2).

We note that in a letter dated February 24, 2021, defendant's attorney advised the court that on February 19, 2021, defendant received eight months of public health emergency credits pursuant to L. 2020, c. 111, which counsel asserts makes his maximum release date June 19, 2021. Counsel also asserts

that COVID-19 infections continue to surge at SWSP.  Among other things, counsel asserts that since August 22, 2020, 342 inmates at SWSP have been infected with COVID-19.  This information is not part of the record on appeal. R. 2:5-4(a) (stating that the record on appeal consists of all papers on file in the trial court).

If defendant believes that new or additional information that was not available when the trial court ruled on his motion may warrant a different result, he is free to file a new motion in the trial court seeking relief under Rule 3:21-10(b)(2).  However, based on the record before the trial court when it ruled, we are convinced the court did not abuse its discretion by denying defendant's motion.

As stated previously, on appeal, defendant also argues that his mandatory minimum sentence does not preclude him from seeking a change of his sentence under Rule 3:21-10(b)(2).  We note that the trial court did not deny the motion on this basis and considered the merits of defendant's application.  Therefore, we need not address this argument.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0553-20